Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Buscemi, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUSCEMI, LLC<br>*Plaintiff*<br><br>v.<br><br>STYLELINE STUDIOS INTERNATIONAL LTD. d/b/a J/SLIDES and J/SLIDES NYC; and JSL STUDIO INTL LLC d/b/a J/SLIDES and J/SLIDES NYC<br>*Defendants* | CIVIL ACTION NO. 1:17-cv-3971<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Buscemi, LLC ("Buscemi" or "Plaintiff"), a California limited liability company, by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 271, 281-285 and 289. Plaintiff seeks injunctive relief, an accounting, monetary damages to adequately compensate Plaintiff for Defendants' infringement, including, but not limited to, Plaintiff's lost profits, a reasonable royalty award and/or the disgorgement of Defendants' total profits, and the trebling of any such award pursuant to 35 U.S.C. § 284, plus interest, along with attorneys' fees and costs, and such

other relief as the Court deems proper.

## JURISDICTION AND VENUE

2.  This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the patents laws of the United States, 35 U.S.C. § 101 *et seq.*, as well as pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.  Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) because, upon information and belief, Defendants regularly conduct business in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, including Defendants' commission of acts of infringement, which have caused damage to Plaintiff in this judicial district.

4.  Personal jurisdiction exists over Defendants because, on information and belief, Defendants maintain their principal place of business in New York and/or conduct business within New York and/or contract to supply goods in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## THE PARTIES

5.  Buscemi is a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 1545 Wilcox Avenue, Suite 202, Los Angeles, California 90028, and a standalone retail location in New York City, located at 47 Wooster St, New York, NY 10013.

6.    Upon information and belief, Defendant Styleline Studios International Ltd. d/b/a J/Slides and J/Slides NYC is a foreign company organized and existing under the laws of Hong Kong, having a place of business at 42/F Bank of China Tower, 1 Garden Road, Central, Hong Kong (hereinafter, "J/Slides HK").

7.    Upon information and belief, Defendant JSL Studio Intl LLC d/b/a J/Slides and J/Slides NYC is a limited liability company organized and existing under the laws of the State of New York, having a place of business at 55 Lumber Road, #6, Roslyn, New York 11576 (hereinafter, "J/Slides NYC").

8.    J/Slides HK and J/Slides NYC are collectively hereinafter referred to as "J/Slides" or "Defendants".

9.    Upon information and belief, at all relevant times to this Complaint, such a unity of interest and ownership exist between J/Slides HK and J/Slides NYC such that separate corporate personalities did not, and do not, in reality exist and thus, the tortious acts of one, as well as jurisdictional contacts, are attributable to the other.

## GENERAL ALLEGATIONS

### Plaintiff and its 40MM Bow® Design Patent

10.    Buscemi, a leading and world renowned American luxury footwear and accessories brand formed in April 2013, is the designer and manufacturer of high-end leather goods, including sneakers, hats and bags ("Buscemi Products").

11.    All Buscemi Products are produced with the highest level of materials, craftsmanship and integrity.

12.    The Buscemi Products, including Buscemi's immensely popular line of sneakers sold under the 40MM Bow® trademark (U.S. Trademark Registration No. 5,014,969) ("40MM Bow® Sneakers"), are sold worldwide through prestigious retail venues, such as Neiman

Marcus, Barneys New York, Bergdorf Goodman, Selfridges, Harrods, Harvey Nichols, Holt Renfrew, and Colette, among other luxury retailers and exclusive online platforms, including Buscemi's own website, located at www.buscemi.com.

13. The 40MM Bow® Sneakers, launched in Spring 2016, have been extensively promoted and advertised by Bucemi itself, as well as by third-parties, via numerous media platforms, with a particular emphasis on social media platforms such as Facebook and Instagram whereby postings related to the 40MM Bow® Sneakers have garnered thousands of "likes".

14. Buscemi is the owner of all rights in and to the Buscemi brand, along with the renowned and distinctive Buscemi Products sold thereunder, including the 40MM Bow® Sneakers, and the bold designs and unique embellishments featured thereon.

15. Specifically, of particular relevance, on May 23, 2017, United States Patent No. D787,172, entitled "Shoe", was duly and legally issued by the United States Patent and Trademark Office ("40MM Bow® Design Patent" and "USPTO", respectively). A true and correct copy of the 40MM Bow® Design Patent, and its corresponding drawing sheets, which covers the ornamental design of the 40MM Bow® Sneakers ("Patented 40MM Bow® Design"), is attached hereto as **Exhibit A**.

16. Buscemi is the lawful assignee of all right, title, and interest in and to the 40MM Bow® Design Patent and has owned, and still currently owns, all right, title and interest in and to the 40MM Bow® Design Patent at all relevant times (i.e., during the period of Defendants' infringing and unlawful actions, as alleged herein) since the USPTO's issuance of the same.

### Defendants' Wrongful and Infringing Conduct

17. On or about March 2017, while the application for the 40MM Bow® Design Patent, filed on June 2, 2016, was pending, Buscemi became aware of certain shoes being offered for sale and/or sold by Defendants that feature and/or use design(s) that is/are

4

substantially the same as the Patented 40MM Bow® Design ("Accused Products").

18. After Buscemi became aware of Defendants' actions, Buscemi's counsel sent a cease and desist letter to Defendants on March 14, 2017 ("C&D"), which, among other things, put Defendants on notice of Buscemi's intellectual property rights, including, without limitation, its pending 40MM Bow® Design Patent, and advised Defendants that upon the issuance of the same, Defendants' actions would constitute infringement thereof.

19. On March 17, 2017, Defendants' counsel issued a response to the C&D wherein said counsel indicated that Defendants would not comply with Buscemi's demands, as set forth in the C&D, including among other things, the cessation of all offering for sale and/or sales of the Accused Products.

20. Subsequently, on May 23, 2017 (i.e., the date of the issuance of the 40MM Bow® Design Patent), counsel for Plaintiff placed Defendants, through their counsel, on notice of the issuance of the 40MM Bow® Design Patent by the USPTO, and advised Defendants that their continued offering for sale and/or sale of the Accused Products infringes the same.

21. Since March 2017, and thus, with full knowledge of the prosecution of the 40MM Bow® Design Patent, and the imminent issuance thereof, Defendants have continued to offer for sale and/or sell the Accused Products.

22. In fact, since the issuance of the 40MM Bow® Design Patent, and to date, Defendants have continued to offer for sale and/or sell the Accused Products via Defendants' own website, located at www.shopjslides.com, as well as through various third-party retailers, including, without limitation, Nordstrom, Dillard's, Saks Fifth Avenue Off 5th, and Jildor, among others. True and correct date-stamped screenshots of webpages evidencing the foregoing are attached hereto as **Exhibit B**, which are available to consumers worldwide, including within

the State of New York, and this judicial district.

23. Upon information and belief, Defendants not only distribute the Accused Products online, but also via "brick and mortar" retail stores, including those within the State of New York, and those within this judicial district.

24. From the perspective of an ordinary observer, giving such attention as a purchaser usually gives, the design(s) applied to Defendants' Accused Products is/are substantially the same as Plaintiff's Patented 40MM Bow® Design and therefore, the Accused Products infringe the 40MM Bow® Design Patent. Attached hereto as **Exhibit C** is a document comprised of several drawings of the Patented 40MM Bow® Design compared to examples of Defendants' Accused Products.

25. Plaintiff has not authorized or consented to Defendants' use of the 40MM Bow® Design Patent and/or anything substantially the same as the 40MM Bow® Design Patent.

### Defendants' Willfulness

26. Given the widespread popularity of the 40MM Bow® Sneakers featuring the Patented 40MM Bow® Design, coupled with the virtually identical appearance of the Accused Products, upon information and belief, Defendants' infringement is deliberate, willful, wanton and intentional.

27. Defendants had actual knowledge of Plaintiff's pending 40MM Bow® Design Patent through, at a minimum, the C&D, and upon information and belief, are aware of the subsequent issuance thereof, and have deliberately chosen to continue to sell and/or offer for sale Accused Products that infringe the 40MM Bow® Design Patent.

### Irreparable Harm

28. As a direct result of Defendants' infringing actions, as alleged herein, Plaintiff has

suffered, and is continuing to suffer, irreparable harm and financial injury.

29. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSE OF ACTION
### (Federal Patent Infringement)
### [35 U.S.C. § 271]

30. Plaintiff repeats and re-alleges every allegation set forth in the preceding paragraphs as if fully set forth herein.

31. As evidenced by **Exhibit C**, the Accused Products offered for sale and sold by Defendants use design(s) that is/are substantially the same as the Patented 40MM Bow® Design embodied in the 40MM Bow® Design Patent.

32. During the term of the 40MM Bow® Design Patent, Defendants have infringed, and are continuing to infringe, the 40MM Bow® Design Patent within the United States through, at a minimum, their making, using, offering for sale and/or sale of the Accused Products that embody the Patented 40MM Bow® Design covered by the 40MM Bow® Design Patent and/or a colorable imitation thereof.

33. Plaintiff has complied with all statutory requirements and obligations and has given Defendants written notice of their infringing actions, as set forth *supra*.

34. Defendants have been fully aware of the prosecution of the 40MM Bow® Design Patent, and, upon information and belief, are currently aware of its recent issuance.

35. Despite knowledge of the application for the 40MM Bow® Design Patent and the issuance thereof, without Plaintiff's authorization, and in an effort to trade off of Plaintiff's reputation, Defendants have engaged in, and are continuing to engage in, the infringing acts set forth herein in total disregard of Plaintiff's intellectual property rights, including, without limitation the 40MM Bow® Design Patent.

36.     Defendants' infringement of the 40MM Bow® Design Patent has been, and is, willful and will continue unless enjoined by this Court.

37.     Defendants' knowing and intentional patent infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief.

38.     Plaintiff has been damaged by Defendants' infringing activities, as alleged herein, and Plaintiff is entitled to recover damages adequate to compensate Plaintiff for such infringement, including, but not limited to, Plaintiff's lost profits, a reasonable royalty, disgorgement of profits received by Defendants, treble damages pursuant to 35 U.S.C. § 284, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other relief that this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief against Defendants:

A.     That the 40MM Bow® Design Patent was duly and legally issued and is valid and enforceable;

B.     That Defendants have infringed the 40MM Bow® Design Patent and that such infringement has been willful;

C.     That an accounting be had for the damages caused to Plaintiff by the infringing activities of Defendants and that such damages, including damages for lost profits, and/or a reasonable royalty pursuant to 35 U.S.C. § 284 and/or Defendants' total profits pursuant to 35 U.S.C. § 289, in an amount to be determined at trial, any such sum which shall be trebled pursuant to 35 U.S.C. § 284, with pre and post judgment interest thereon, be

awarded to Plaintiff;

D.      That, pursuant to 35 U.S.C. § 283, Defendants, and their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of any such judgment, be enjoined and prohibited from :

   i. Making, using, offering for sale, selling and/or otherwise infringing the 40MM Bow® Design Patent in any manner, including, without limitation, making, using, offering for sale and/or selling the Accused Products; and

   ii. engaging in any other act in derogation of Plaintiff's rights;

E.      That the Court declare that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees and expenses;

F.      That the Court order a recall of all of Defendants' Accused Products and any other products that incorporate a design that infringes the 40MM Bow® Design Patent, as well as the destruction thereof;

G.      That the Court award Plaintiff all costs; and

H.      Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated:  May 25, 2017                    Respectfully submitted,

                                        **EPSTEIN DRANGEL LLP**

                                        BY: /s/ Ashly E. Sands
                                        Ashly E. Sands (AS 7715)
                                        asands@ipcounselors.com

>Jason M. Drangel (JD 7204)
>jdrangel@ipcounselors.com
>Kerry B. Brownlee (KB 0823)
>kbrownlee@ipcounselors.com
>60 East 42nd Street, Suite 2520
>New York, NY 10165
>Telephone: (212) 292-5390
>Facsimile: (212) 292-5391
>*Attorneys for Plaintiff*
>*Buscemi, LLC*