Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Buscemi, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUSCEMI, LLC<br>*Plaintiff*<br><br>v.<br><br>STYLELINE STUDIOS, LLC d/b/a J/SLIDES, J/SLIDES NYC and J/SLIDES FOOTWEAR<br>*Defendant* | CIVIL ACTION NO. 1:17-cv-3971-LGS<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL REQUESTED |

Buscemi, LLC ("Buscemi" or "Plaintiff"), a California limited liability company, by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*., including 35 U.S.C. §§ 271, 281-285 and 289. Plaintiff seeks injunctive relief, an accounting, monetary damages to adequately compensate Plaintiff for Defendant's infringement, including, but not limited to, Plaintiff's lost profits, a reasonable royalty award and/or the disgorgement of Defendant's total profits, and the trebling of any such award pursuant to 35 U.S.C. § 284, plus interest, along with attorneys' fees and costs, and such

other relief as the Court deems proper.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the patents laws of the United States, 35 U.S.C. § 101 *et seq.*, as well as pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) because, upon information and belief, Defendant regularly conducts business in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, including Defendant's commission of acts of infringement, which have caused damage to Plaintiff in this judicial district.

4. Personal jurisdiction exists over Defendant because, on information and belief, Defendant maintains its principal place of business in New York and/or conducts business within New York and/or contracts to supply goods in New York and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

## THE PARTIES

5. Buscemi is a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 1545 Wilcox Avenue, Suite 202, Los Angeles, California 90028, and a standalone retail location in New York City, located at 47 Wooster St, New York, NY 10013.

6. Upon information and belief, Defendant Styleline Studios, LLC d/b/a J/SLIDES, J/SLIDES NYC and J/SLIDES Footwear is a limited liability company organized and existing

under the laws of the State of New York, having a place of business at 55 Lumber Road, #6, Roslyn, New York 11576 and/or 27 West 24th Street, Suite 800, New York, New York 10010 (hereinafter, "Defendant" or "J/Slides").

## GENERAL ALLEGATIONS

### Plaintiff and its 40MM Bow® Design Patent

7. Buscemi, a leading and world renowned American luxury footwear and accessories brand formed in April 2013, is the designer and manufacturer of high-end leather goods, including sneakers, hats and bags ("Buscemi Products").

8. All Buscemi Products are produced with the highest level of materials, craftsmanship and integrity.

9. The Buscemi Products, including Buscemi's immensely popular line of sneakers sold under the 40MM Bow® trademark (U.S. Trademark Registration No. 5,014,969) ("40MM Bow® Sneakers"), are sold worldwide through prestigious retail venues, such as Neiman Marcus, Barneys New York, Bergdorf Goodman, Selfridges, Harrods, Harvey Nichols, Holt Renfrew, and Colette, among other luxury retailers and exclusive online platforms, including Buscemi's own website, located at www.buscemi.com.

10. The 40MM Bow® Sneakers, launched in Spring 2016, have been extensively promoted and advertised by Bucemi itself, as well as by third-parties, via numerous media platforms, with a particular emphasis on social media platforms such as Facebook and Instagram whereby postings related to the 40MM Bow® Sneakers have garnered thousands of "likes".

11. Buscemi is the owner of all rights in and to the Buscemi brand, along with the renowned and distinctive Buscemi Products sold thereunder, including the 40MM Bow® Sneakers, and the bold designs and unique embellishments featured thereon.

12.     Specifically, of particular relevance, on May 23, 2017, United States Patent No. D787,172, entitled "Shoe", was duly and legally issued by the United States Patent and Trademark Office ("40MM Bow® Design Patent" and "USPTO", respectively).  A true and correct copy of the 40MM Bow® Design Patent, and its corresponding drawing sheets, which covers the ornamental design of the 40MM Bow® Sneakers ("Patented 40MM Bow® Design"), is attached hereto as **Exhibit A**.

13.     Buscemi is the lawful assignee of all right, title, and interest in and to the 40MM Bow® Design Patent and has owned, and still currently owns, all right, title and interest in and to the 40MM Bow® Design Patent at all relevant times (i.e., during the period of Defendant's infringing and unlawful actions, as alleged herein) since the USPTO's issuance of the same.

### Defendant's Wrongful and Infringing Conduct

14.     On or about March 2017, while the application for the 40MM Bow® Design Patent, filed on June 2, 2016, was pending, Buscemi became aware of certain shoes being offered for sale and/or sold by Defendant that feature and/or use design(s) that is/are substantially the same as the Patented 40MM Bow® Design ("Accused Products").

15.     After Buscemi became aware of Defendant's actions, Buscemi's counsel sent a cease and desist letter on March 14, 2017 ("C&D"), which, among other things, put Defendant on notice of Buscemi's intellectual property rights, including, without limitation, its pending 40MM Bow® Design Patent, and advised Defendant that upon the issuance of the same, Defendant's actions would constitute infringement thereof.[1]

16.     On March 17, 2017, Defendant's former counsel issued a response to the C&D wherein said counsel indicated that Defendant would not comply with Buscemi's demands, as set

---

[1] Although the C&D was directed towards Styleline Studios International Ltd. and JSL Studio Intl LLC, which were parties to Plaintiff's original Complaint (*see* Docket Entry No. 1), Defendant has recently engaged new counsel that has informed Plaintiff that Defendant is the proper, and only necessary party, to the instant action.

forth in the C&D, including among other things, the cessation of all offering for sale and/or sales of the Accused Products.

17.  Subsequently, on May 23, 2017 (i.e., the date of the issuance of the 40MM Bow® Design Patent), counsel for Plaintiff placed Defendant, through its former counsel, on notice of the issuance of the 40MM Bow® Design Patent by the USPTO, and advised Defendant that its continued offering for sale and/or sale of the Accused Products infringes the same.

18.  Since March 2017, and thus, with full knowledge of the prosecution of the 40MM Bow® Design Patent, and the imminent issuance thereof, Defendant has continued to offer for sale and/or sell the Accused Products.

19.  In fact, since the issuance of the 40MM Bow® Design Patent, and to date, Defendant has continued to offer for sale and/or sell the Accused Products via Defendant's own website, located at www.shopjslides.com and/or www.shopjslidesfootwear.com, as well as through various third-party retailers, including, without limitation, Nordstrom, Dillard's, Saks Fifth Avenue Off 5th, and Jildor, among others.  True and correct date-stamped screenshots of webpages evidencing the foregoing are attached hereto as **Exhibit B**, which are available to consumers worldwide, including within the State of New York, and this judicial district.

20.  Upon information and belief, Defendant not only distributes the Accused Products online, but also via "brick and mortar" retail stores, including those within the State of New York, and those within this judicial district.

21.  From the perspective of an ordinary observer, giving such attention as a purchaser usually gives, the design(s) applied to Defendant's Accused Products is/are substantially the same as Plaintiff's Patented 40MM Bow® Design and therefore, the Accused Products infringe the 40MM Bow® Design Patent.  Attached hereto as **Exhibit C** is a document comprised of

several drawings of the Patented 40MM Bow® Design compared to examples of Defendant's Accused Products.

22.     Plaintiff has not authorized or consented to Defendant's use of the 40MM Bow® Design Patent and/or anything substantially the same as the 40MM Bow® Design Patent.

### Defendant's Willfulness

23.     Given the widespread popularity of the 40MM Bow® Sneakers featuring the Patented 40MM Bow® Design, coupled with the virtually identical appearance of the Accused Products, upon information and belief, Defendant's infringement is deliberate, willful, wanton and intentional.

24.     Defendant had actual knowledge of Plaintiff's pending 40MM Bow® Design Patent through, at a minimum, the C&D, and upon information and belief, is aware of the subsequent issuance thereof, and has deliberately chosen to continue to sell and/or offer for sale Accused Products that infringe the 40MM Bow® Design Patent.

### Irreparable Harm

25.     As a direct result of Defendant's infringing actions, as alleged herein, Plaintiff has suffered, and is continuing to suffer, irreparable harm and financial injury.

26.     Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

### CAUSE OF ACTION
### (Federal Patent Infringement)
### [35 U.S.C. § 271]

27.     Plaintiff repeats and re-alleges every allegation set forth in the preceding paragraphs as if fully set forth herein.

28.     As evidenced by **Exhibit C**, the Accused Products offered for sale and sold by Defendant use design(s) that is/are substantially the same as the Patented 40MM Bow® Design embodied in the 40MM Bow® Design Patent.

29.     During the term of the 40MM Bow® Design Patent, Defendant has infringed, and is continuing to infringe, the 40MM Bow® Design Patent within the United States through, at a minimum, its making, using, offering for sale and/or sale of the Accused Products that embody the Patented 40MM Bow® Design covered by the 40MM Bow® Design Patent and/or a colorable imitation thereof.

30.     Plaintiff has complied with all statutory requirements and obligations and has given Defendant written notice of its infringing actions, as set forth *supra*.

31.     Defendant has been fully aware of the prosecution of the 40MM Bow® Design Patent, and, upon information and belief, is currently aware of its recent issuance.

32.     Despite knowledge of the application for the 40MM Bow® Design Patent and the issuance thereof, without Plaintiff's authorization, and in an effort to trade off of Plaintiff's reputation, Defendant has engaged in, and is continuing to engage in, the infringing acts set forth herein in total disregard of Plaintiff's intellectual property rights, including, without limitation the 40MM Bow® Design Patent.

33.     Defendant's infringement of the 40MM Bow® Design Patent has been, and is, willful and will continue unless enjoined by this Court.

34.     Defendant's knowing and intentional patent infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief.

35.     Plaintiff has been damaged by Defendant's infringing activities, as alleged herein, and Plaintiff is entitled to recover damages adequate to compensate Plaintiff for such infringement, including, but not limited to, Plaintiff's lost profits, a reasonable royalty,

disgorgement of profits received by Defendant, treble damages pursuant to 35 U.S.C. § 284, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other relief that this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief against Defendant:

    A.    That the 40MM Bow® Design Patent was duly and legally issued and is valid and enforceable;

    B.    That Defendant has infringed the 40MM Bow® Design Patent and that such infringement has been willful;

    C.    That an accounting be had for the damages caused to Plaintiff by the infringing activities of Defendant and that such damages, including damages for lost profits, and/or a reasonable royalty pursuant to 35 U.S.C. § 284 and/or Defendant's total profits pursuant to 35 U.S.C. § 289, in an amount to be determined at trial, any such sum which shall be trebled pursuant to 35 U.S.C. § 284, with pre and post judgment interest thereon, be awarded to Plaintiff;

    D.    That, pursuant to 35 U.S.C. § 283, Defendant, and its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of any such judgment, be enjoined and prohibited from :

        i. Making, using, offering for sale, selling and/or otherwise infringing the 40MM Bow® Design Patent in any manner, including, without limitation, making, using, offering for sale and/or selling the Accused Products; and

      ii.  engaging in any other act in derogation of Plaintiff's rights;

E.      That the Court declare that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees and expenses;

F.      That the Court order a recall of all of Defendant's Accused Products and any other products that incorporate a design that infringes the 40MM Bow® Design Patent, as well as the destruction thereof;

G.      That the Court award Plaintiff all costs; and

H.      Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: July 31, 2017

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Ashly E. Sands
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Buscemi, LLC*